FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 MAR -8   A 10: 59

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

ALONZO MOREFIELD, JR.,       :

      Plaintiff,           :

vs.                          :        CIVIL ACTION NO.: CV607-010

HUGH A. SMITH, Warden, individually  :
and in official capacity acting under     :
color of state law,               :

      Defendant.           :

## ORDER

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement.  A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.  In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  Mitchell, 112 F.3d at 1490.  The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490.  While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that on August 20, 2003, Defendant Smith seized all of his property, including legal and family contact information and legal documents and mail.  Though he is not named as a Defendant, Plaintiff appears to set forth a claim against Unit Manager Steve Dupree, whom he claims "was present during the violation of rights and did nothing to stop it [and] is cited for contributory negligence."

Plaintiff further contends that Defendant Smith has assigned him to involuntary protective custody at GSP, where he has been on 23-hour lock-down for over three

years.  Plaintiff asserts that Smith's action of segregating him was "racist, retaliatory, prejudicial, [and] unethical."

Plaintiff contends that since his arrival at GSP, Sanche Martin-Jackson and Vickie F. Nail have been opening and reading all of Plaintiff's legal mail outside of his presence at Defendant Smith's direction.  Martin-Jackson and Nail are not named as defendants, but it appears Plaintiff is attempting to set forth a claim against them.  Plaintiff contends that both parties are "cited for contributory negligence."

Plaintiff also alleges that he has been unable to practice his religion while at GSP.  Finally, Plaintiff avers that he was denied an institutional transfer request by Defendant Smith, despite the fact that GSP presents an "unsafe environment" for Plaintiff.

A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a).  As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp. 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Plaintiff has failed to show a "logical relationship" between his separate allegations against the individuals named in his Complaint, and the Court will not allow the joinder of these unrelated claims.  Plaintiff is directed to advise the Court as to which claim or related claims he wishes to pursue in this action.  Plaintiff may submit separate

Complaints for his other claims.  If Plaintiff does not respond to this Order within thirty

(30) days, this Complaint will be dismissed, without prejudice.

   **SO ORDERED**, this _____8ᵗʰ_____day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE