# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ALONZO MOREFIELD, JR.,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV607-010

HUGH A. SMITH, Warden, individually
and in official capacity acting under
color of state law, and STEVE
DUPREE, Unit Manager,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff's Complaint and Motion to Amend his Complaint name Warden Hugh Smith as a Defendant in both his individual and official capacities. A lawsuit against such a state official in his official capacity is no different from a suit against the state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Will, 491 U.S. at 67, 109 S. Ct. at 2310. Because the State of Georgia would be the real party in interest in a suit against Smith in his official capacity, the Eleventh Amendment prohibits such a claim. Free v.

Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Accordingly, Plaintiff's claims against Smith in his official capacity should be **DISMISSED**.

Additionally, Plaintiff's Complaint originally set forth allegations that GSP officials opened and read his legal mail outside his presence and that he was improperly denied an institutional transfer request. In his Motion to Amend, however, Plaintiff specifically abandons these claims, and thus the claims should be **DISMISSED**, without prejudice.

So **REPORTED AND RECOMMENDED**, this 14th day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE