FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL -2 AM 9: 23

CLERK _____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ALONZO MOREFIELD, JR.,

v.  607CV010

HUGH A. SMITH, Warden, individually
and in official capacity acting under
color of state law, and STEVE
DUPREE, Unit Manager,

## ORDER

Inmate/plaintiff Alonzo Morefield, Jr. brought this 42 U.S.C. § 1983 case to challenge various conditions of his confinement. Doc. ## 1, 23. He unsuccessfully sought, among other forms of relief, a preliminary injunction to prevent prison officials from harassing (etc.) him. Doc. ## 2, 10, *reconsideration denied*, # 31. The Magistrate Judge's (MJ's) Report and Recommendation (R&R) trimmed some of Morefield's claims, doc. # 23,[1] and his later Order upheld some others. Doc. # 25. That Order summarized plaintiff's case:

> Plaintiff contends that beginning on [8/3/03], Defendant Smith assigned him to involuntary protective custody, resulting in his being on lockdown for twenty-three (23) hours per day for three years. Plaintiff asserts that Smith took this action due to no fault of Plaintiff's, but instead with a "racist, retaliatory, prejudicial" motive. (Doc. No. 1, p. 7). Plaintiff asserts that all of his property has been seized during his stay in protective custody. Plaintiff further contends that during his segregation, he has been unable to freely practice his religion. Plaintiff also names Steve Dupree as a Defendant, asserting that Dupree has been on notice of the action taken against Plaintiff but has failed to intervene.

Doc. # 25 at 3.

Meanwhile, the MJ granted Morefield's motion for more time within which to Object to the R&R, doc. # 34, and Morefield objected, doc. # 38, but also filed a Notice of Appeal (from, *inter alia*, the Order denying him preliminary injunctive relief) and in it moves for a Certificate of Appealability (COA). Doc. # 39. He also moves for leave to appeal *in forma pauperis* (IFP), and for appointment of counsel. Doc. # 40.

A COA is not required to appeal a § 1983 case. *Mathis v. Smith*, No. 05-13123-A (11th Cir. 8/29/05) (unpublished) ("The district court properly construed appellant's 28 U.S.C. § 2254 petition as a 42 U.S.C. § 1983 complaint, and a COA is not necessary to appeal the dismissal of a § 1983 complaint"). The COA application (doc. # 39) is thus denied.

Next, plaintiff's litigation situation (he is a *pro se* prisoner faced with the task of litigating reasonably straightforward § 1983 claims within the norm of what other "conditions of confinement" inmate litigants must undertake) is no more compelling than the situation found in *Boxer X v. Harris*, 2007 WL 1731436 (S.D.Ga. 6/4/07) (unpublished), where the Court denied another inmate-plaintiff's motion for appointment of counsel. *Id.* at * 3. Morefield's moving papers basically restate, in conclusory terms, his belief that the issues are complex, his prison library access is limited, and he sure could use the help of a lawyer. Of course, that

---

[1] The Court overrules plaintiff's Objections to this R&R, which is adopted and made the Order of this Court. Thus, plaintiff's pending motions for reconsideration and to amend (doc. # 11, 18) are denied.

can be said of pretty much *every* inmate case. That is why inmates like Morefield have to show something really exceptional, *Boxer X, Id.* at * 3, and he fails to do that here. Thus, the Court denies Morefield's motion for appointment of counsel. Doc. # 40.

Finally, an IFP plaintiff need not show that he will prevail on appeal, only "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000). One preliminary issue in that regard is whether he is appealing a final order, since IFP can be denied on frivolity grounds if not. Orders of this Court ordinarily cannot be appealed unless final. *See AT&T Wireless PCS, Inc. v. City of Atlanta,* 223 F.3d 1324, 1324 (11th Cir. 2000) ("To be a final judgment, the judgment must have disposed of all claims as to all parties") (quotes and cite omitted). A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. *SEC v. Carrillo,* 325 F.3d 1268, 1272 (11th Cir. 2003).

Litigants, however, can appeal a denied injunction motion. *See Manion v. Nagin,* 255 F.3d 535, 538 (8th Cir.2001) (Interlocutory appellate jurisdiction existed with respect to denial of preliminary injunctive relief); *U.S. v. McVeigh,* 157 F.3d 809, 813 (10th Cir. 1998); *Franklin v. District of Columbia,* 163 F.3d 625, 629 (D.C.Cir. 1998) ("orders granting or denying preliminary injunctions may be taken up immediately"). 28 U.S.C. § 1292(a) provides that "the courts of appeals shall have jurisdiction of appeals from: 1) Interlocutory orders of the district courts ... granting, continuing, modifying, *refusing* or dissolving injunctions, or refusing to dissolve or modify injunctions...." (emphasis added); 2 BUS.& COM.LITIG.FED.CTS. § 14:20 (2d ed. Nov. 2006).

Plaintiff is doing that here. Doc. # 39. Even though Morefield has appealed an appealable Order, nevertheless he fails to show that his appeal may be supposed to have some merit. His COA/IFP moving papers basically restate, in conclusory terms, his belief that the issues are complex, but proffer no hint as to why they may be supposed to have some merit. The Court thus denies him IFP, too.

To summarize, the Court **DENIES** Alonzo Morefield's motions for IFP, COA and for appointment of counsel. Doc. ## 39, 40. The Court also overrules plaintiff's Objections (doc. # 38) to the MJ's R&R (doc. # 23), which is adopted and made the Order of this Court. Thus, plaintiff's pending motions for reconsideration and to amend (doc. # 11, 18) are **DENIED**.

This 2 day of July, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA